UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARTHUR BURNHAM, | * |
| Petitioner, | * |
| v. | * Civil Action No. 17-cv-10992-IT |
| PETER J. KOUTOUJIAN, et al., | * |
| Respondents. | * |

MEMORANDUM AND ORDER

July 6, 2017

TALWANI, D.J.

Petitioner Arthur Burnham, a state pretrial detainee, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [#1], a Motion for Leave to Proceed *in Forma Pauperis* [#2], and a Motion for Production of Medical and Psychiatric Records and a Record of Every Access to Data by Persons outside of or other than the Holder [#7]. For the reasons set forth below, the Motion for Leave to Proceed *in Forma Pauperis* is ALLOWED, the petition is DENIED WITHOUT PREJUDICE, and the motion for records is DENIED AS MOOT.

I.  Background

Petitioner represents that he was indicted in June 2015 on charges arising from allegations that he lit a municipal police car on fire. He claims that his continued confinement and the prosecution against him in Worcester Superior Court violate his federal rights to due process, a speedy trial, equal protection, and effective assistance of counsel. He asks that the state court indictment against him be dismissed with prejudice and that he be released. See Pet. at

8. Petitioner represents that he unsuccessfully sought relief from a single justice of the Supreme Judicial Court on these issues under M.G.L. ch. 211, § 3. See Pet. at 2.[1]

Petitioner submitted with his petition a motion for leave to proceed *in forma pauperis* in which he represents that he is without income or assets. Included in the exhibits to the petition is a document suggesting that he has been without any income or assets since his arrival at the Middlesex County Jail; the document appears to be signed by a jail official. See Pet. Exhs. at 38 [#1-1]. Petitioner later filed a motion for the production of his certain records.

II. Discussion

    A. Motion for Leave to Proceed *in Forma Pauperis*

Upon review of Petitioner's motion for leave to proceed *in forma pauperis*, the court concludes that he is without income or assets to pay the filing fee. Accordingly, the motion is GRANTED.

    B. Review of the Petition

Persons "in custody in violation of the Constitutions or laws or treaties of the United States" may challenge their detention by seeking a writ of habeas corpus. 28 U.S.C. § 2241(c)(3). The instant petition is properly brought pursuant to § 2241 because Burnham is a pretrial detainee. See Gonzalez v. Justices of Mun. Ct. of Boston, 382 F.3d 1, 6 (1st Cir. 2004), rev'd on other grounds, 544 U.S. 918 (2005). Nonetheless, a district court is not required to serve a habeas petition on the respondent if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]." 28 U.S.C. § 2243 para. 1.

---

[1] Petitioner does not state whether he appealed the final judgment of the single justice to the full court of the Supreme Judicial Court. See M.G.L. ch. 231, § 114 ("A party aggrieved by a final judgment of a single justice of the supreme judicial court may appeal therefrom to the full court of the supreme judicial court."). For purposes of this order, the court assumes that Burnham has exhausted his state remedies.

"[F]ederal courts have long recognized 'the fundamental policy against federal interference with state criminal proceedings.'" In re Justices of Superior Ct. Dep't of Mass. Trial Ct., 218 F.3d 11, 16 (1st Cir. 2000) (quoting Younger v. Harris, 401 U.S. 37, 46 (1971)). Congress has long expressed its policy that "the state courts be allowed to conduct state proceedings free from interference by the federal courts." Id. at 16. This policy against "federal interference with state judicial proceedings is premised on 'a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.'" Id. (quoting Younger, 401 U.S. at 44). Under the principles of Younger abstention, "a federal court must abstain from hearing a case if doing so would 'needlessly inject' the federal court into ongoing state proceedings." Coggeshall v. Mass. Bd. of Registration of Psychologists, 604 F.3d 658, 664 (1st Cir. 2010) (quoting Brooks v. N.H. Supreme Ct., 80 F.3d 633, 637 (1st Cir. 1996)).

"The applicability of comity and abstention principles to habeas proceedings" has been "amply demonstrated." In re Justices, 218 F.3d 11, 17. With few exceptions, "the federal courts have routinely rejected petitions for pretrial habeas relief raising any variety of claims and issues." Id. at 18 (footnote omitted). One exception is for claims of a violation of a defendant's right to a speedy trial, but only "when the requested relief is an immediate trial." Id. at 18 n.5. When a pretrial petitioner claiming a speedy trial violation "seeks dismissal of the charges against him, his habeas action must await the conclusion of state proceedings." Id.

Burnham claims, inter alia, that his right to a speedy trial has been violated. The relief he explicitly requests is dismissal of the pending criminal charges against him. Because he seeks dismissal of his criminal case rather than an immediate trial, principles of Younger abstention

require that his court abstain from exercising jurisdiction over this case. Accordingly, the petition is DENIED WITHOUT PREJUDICE.

III.     Conclusion

For the foregoing reasons, the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [#1] is DENIED; the Motion for Leave to Proceed *in Forma Pauperis* [#2] is GRANTED; and the Motion for Production of Medical and Psychiatric Records and a Record of Every Access to Data by Persons outside of or other than the Holder [#7] is DENIED AS MOOT.

IT IS SO ORDERED.

Date:  July 6, 2017                                              /s/ Indira Talwani
                                                             United States District Judge